UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00205-HBB

ANNA FAYE STEPHENS                                                          PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the motion of Plaintiff, Anna Faye Stephens, for an award of costs and attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)(1) and (d)(1)(A) (DN 18). Defendant, Nancy A. Berryhill, Commissioner of Social Security ("Commissioner"), has filed a response (DN 20), and Stephens has filed a reply (DN 21). Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). This matter is ripe for determination.

The Commissioner acknowledges that an award of fees under § 2412(d) is appropriate but takes issue with the total number of hours claimed and the adjusted hourly rate requested (DN 20). Stephens argues that the total number of hours claimed and the adjusted hourly rate sought are reasonable in light of the circumstances (DN 18, 21). There is no dispute that

Stephens is entitled to reimbursement of the $400.00 filing fee. For the reasons set forth below, Stephens' motion for attorney's fees is granted.

## FINDINGS OF FACT

On December 22, 2016, Stephens filed a complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). The Commissioner filed an answer and a copy of the administrative record (DN 9, 10). Stephens filed a fact and law summary with a supporting memorandum (DN 14, 14-1). Thereafter, the Commissioner filed a joint motion requesting the Court reverse the final decision of the Commissioner, enter judgment in favor of Stephens, and remand this case for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) (DN 15). The undersigned granted the joint motion, reversed the final decision of the Commissioner, and, pursuant to sentence four of 42 U.S.C. § 405(g), remanded the case to the Commissioner for further proceedings (DN 16, 17).

On September 28, 2017, Stephens filed her motion for an award of attorney fees and costs (DN 18). In support of her motion, Stephens' attorney submitted a memorandum, an itemization of time, a copy of the contingent fee agreement and power of attorney, and proposed order (DN 18-1, 18-2, 18-3, 18-4).

## CONCLUSIONS OF LAW

The EAJA allows the award of attorney fees and other expenses against the government provided that:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;

(3) The position of the government is not substantially justified; and

(4) No special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1)(A),(B). The absence of any of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1)(A),(B).

The Commissioner admits that each of the above requirements is satisfied and that Stephens is entitled to an award of fees under § 2412(d). The Court agrees and finds that Stephens is entitled to an award of attorney's fees under the EAJA.

1. Hours Claimed

Stephens asserts that 37 hours is a reasonable number of hours in light of the Sixth Circuit's observation that 30 to 40 hours is an average in Social Security cases (DN 18-1 PageID # 982, citing Hayes v. Sec'y of Health & Human Servs., 928 F.2d 418, 420 (6th Cir. 1990)). While the number of hours claimed here are at the high-end of that average, Stephens contends the amount of time devoted to this case was reasonable in light of the circumstances (DN 18-1 PageID # 982-983). Stephens argues that counsel carefully reviewed the almost 900 page transcript and prepared a 23 page opening memorandum that effectively addressed three rather complex and factually intensive issues (Id.). Stephens points out that the memorandum was so effective it convinced the Commissioner that remand was appropriate (Id.).

The Commissioner argues that no more than 20 hours is appropriate because Stephens has not offered any extraordinary circumstances to substantiate a claim for a greater number of hours (DN 20 PageID # 991-95). In support of her position, the Commissioner characterizes Stephens' counsel as having vast experience in Social Security law, describes the case as fairly routine, pronounces the transcript as average in size, and emphasizes, because the case ended in a

joint stipulation for remand, that Stephens' counsel did not need to review a response from the Commissioner and prepare a reply brief (Id.). Additionally, in an effort to demonstrate that 20 hours is a more reasonable amount of time, the Commissioner has attached time itemizations filed by counsel in four other Social Security cases in the Western District of Kentucky (DN 20-1 through 20-4) and one in the Northern District of Ohio (DN 20-5).

In her reply, Stephens contends that the Commissioner's reliance on fee requests made in the other cases is misplaced because they have different fact patterns (DN 21 PageID # 1016-17). Stephens argues the Court should consider what this case required as opposed to what most Social Security cases require (Id.).

The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See* Begley v. Secretary of Health & Human Servs., 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Stephens as provided an itemized statement from her attorney stating 41.1 hours of actual time expended (DN 18-2). However, Stephens seeks compensation for 37 hours of attorney time.

The Court will begin by pointing out that the Sixth Circuit did not make the observation that Stephens claims. Rather, the sentence that Stephens quotes is part of a two paragraph block quotation setting forth the district court's ruling on the claim for attorney fees. *See* Hayes, 923 F.2d at 420 (district court expresses opinion regarding the average number of hours). Further, there is nothing in the Sixth Circuit's opinion that suggests agreement with the district court's observation about an average range of attorney hours in a Social Security case. 923 F.2d at 420-

23. Notwithstanding, there are district courts that have researched the issue and concluded that attorneys spend an average of 15 to 30 hours on cases seeking judicial review of the Commissioner's final decision denying claims for DIB and SSI. *See* Flamboe v. Comm'r of Soc. Sec., No. 1:12-CV-606, 2013 WL 1914546, at *2 (W.D. Mich. May 8, 2013) (citing Nichols v. Comm'r of Soc. Sec., No. 1:09-CV-1091, 2012 WL 1189764, at *2 (W.D. Mich. Mar. 19, 2012) (collecting cases)). While such information provides context, it must not overshadow the need to examine the number of hours expended based on the circumstances of the case. *See* Stacey v. Comm'r of Soc. Sec., No. 1:14-CV-842, 2016 WL 3079130, at *5-8 (S.D. Ohio May 5, 2016) (assessing claim of 64.7 hours of attorney time); Flamboe, 2013 WL 1914546, at *2 (assessing claim of 45.5 hours of attorney time). Factors that should be considered in assessing the reasonableness of the amount of time claimed to prepare a memorandum include the uniqueness or complexity of the issues, the number of issues addressed, the size and complexity of the record and medical conditions, the level of counsel's experience, the length of the memorandum, and the prerogative of the attorney to spend the time that he or she believes the case warrants. Stacey, 2016 WL 3079130, at *6-8.

In assessing the reasonableness of the time counsel expended, the Court believes that every effort should be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. The parties agree that Mr. Osterhout has vast experience regarding Social Security law. Clearly, the circumstance required him to make a tactical decision regarding whether to devote a greater number of hours than may be typical for a given task, or on a given case.

Review of the 615 pages of medical evidence in the administrative record reveals a complex case with regard to Stephens' medical conditions and the differing opinions of the treating, examining, and non-examining medical sources in the record (Tr. 252-867). Further, the difficulty that counsel faced in preparing the memorandum was heightened by the need to effectively demonstrate the number and significance of the errors and omissions in the Administrative Law Judge's decision (Tr. 13-21). This challenge involved explaining the importance of the medical evidence in assigning weight to the opinions of the medical sources and assessing Stephens' residual functional capacity, revealing why substantial evidence did not support the ALJ's findings, and elucidating why the ALJ's determinations did not comport with applicable law (DN 14-1). Quite frankly, the 23 page memorandum that Mr. Osterhout filed in this action (DN 14-1) had to be exceptionally thorough with regard to the administrative record, the applicable law, and the argument in order to overcome the significant challenges he faced. Unquestionably, the memorandum sets forth a compelling argument in support of Stephens' request that the Court reverse the final decision of the Commissioner and remand the matter, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings (DN 13, 14). Undoubtedly, it was very effective in convincing the Commissioner to file a joint motion seeking the requested remedy (DN 15), rather than filing a memorandum in opposition.

As previously mentioned, the Commissioner has attached time itemizations filed by counsel in four other Social Security cases in the Western District of Kentucky (DN 20-1 through 20-4) and one in the Northern District of Ohio (DN 20-5). The Commissioner's reliance on these time itemizations is at best misplaced because a review of the records in those cases reveals different circumstances from those presently before the Court. For example, in Saxton v.

Commissioner, the attorney only filed a **3** page fact and law summary (5:16-CV-00098-LLJ, DN 19); in Eason v. Commissioner, the attorney filed an 11 page fact and law summary (5:15-CV-00083-TBR, DN 11); in Ali v. Commissioner, the attorney filed an 11 page fact and law summary (1:15-CV-00016-HBB, DN 12); in Hale v. Commissioner, the attorney only filed an **8** page fact and law summary (1:14-CV-00142-GNS, DN 10). Moreover, the circumstances in Stephens case are more complex than the circumstances in those cases. The Court cannot access the case in the Northern District of Ohio. As a result, the Court is not able to assess whether the circumstances in that case are comparable to those in Stephens' case.

In sum, the Court concludes in this case the 37 hours claimed by Stephens' counsel is reasonable.

    2. Hourly Rate

Stephens acknowledges the EAJA's statutory rate of $125.00 per hour (DN 18-1 PageID # 983). Stephens relies on the Court's holding in Coursey v. Colvin, No. 1-15-CV-00005-HBB, 2016 WL 1090622, at *3-4 (W.D. Ky. Mar. 18, 2016), to substantiate her claim for an enhanced rate of $140.00 per hour (Id.).

The Commissioner opposes an enhanced hourly rate of $140.00 (DN 20 PageID # 995-98). The Commissioner contends that Stephens cannot rely on the holding in Coursey to satisfy her burden of demonstrating the enhanced hourly rate is reasonable (Id.).

In her reply, Stephens argues that the holding in Coursey sufficiently demonstrates the reasonableness of increasing the hourly rate to $140.00 (DN 21 PageID # 1017). However, Stephens acknowledges that decisions in this Circuit are in consistent regarding this issue (Id.).

The EAJA directs:

> The amount of fees awarded under [28 U.S.C. § 2412(d)] shall be based upon **prevailing market rates** for the kind and quality of the services furnished, except that...**attorney fees shall not be awarded in excess of $125 per hour** unless the court determines that an **increase in the cost of living or a special factor**, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (emphasis added). A ruling on the issue of whether to award attorney fees in excess of $125.00 is within the sound discretion of the Court. Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 199-200 (6th Cir. 1992). When the court addresses this issue it should not consider the statutory rate as a *minimum* hourly fee. Id. at 200. Further, the Court should "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." Id. Notably, after the Court "determines, based on the evidence in the record, the prevailing market rate for attorneys' services of the kind and quality rendered in this case, it should next consider and determine, as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [$125] per hour." Id.

When a plaintiff requests an increase in the hourly rate he bears "the burden of producing appropriate evidence to support the requested increase." Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (citing Blum v. Stenson, 465 U.S. 886, 898 (1984)). Thus, a plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Bryant, 578 F.3d at 450 (quoting Blum, 465 U.S. at 895 n. 11).

The Court recently ruled on the issue of whether to award attorney fees in excess of

$125.00 in a Social Security case filed in the Bowling Green Division.  *See* Coursey, 2016 WL 1090622, at *3-4.  Following a thorough review of the evidence Coursey presented and recent rulings in the Western District of Kentucky, the Court found that an award in excess of $125.00 per hour was appropriate due to an increase in the cost of living in the area.  Id. (citing 28 U.S.C. § 2412(d)(2)(A)).  Additionally, the Court found that $140.00 per hour was the prevailing market rate within the Bowling Green area for attorneys of comparable skill and experience as Coursey's attorney.  Id.  The Sixth Circuit subsequently affirmed this Court's ruling.  Coursey v. Comm'r of Soc. Sec., 843 F.3d 1095, 1098-99 (6th Cir. 2016).

In light of the ruling in Coursey and the information submitted by the parties regarding Mr. Osterhout, the Court concludes that an award in excess of $125.00 per hour is appropriate due to an increase in the cost of living in this area.  Further, a rate of $140.00 per hour is the prevailing market rate within the Bowling Green area for attorneys of comparable skill and experience as Mr. Osterhout.  Therefore, the Court will award attorney fees at the rate of $140.00 per hour.

The Court observes that multiplying 37 hours of attorney work by $140.00 results in a fee award of $5,180.00.  Thus, the Court grants Stephens request for a fee award in the amount of $5,180.00

Under the EAJA, expenses and costs are treated differently and are paid from separate funds.  28 U.S.C. § 2412(a)(1), (d).  The statute enumerates which reimbursements qualify as "costs" in 28 U.S.C. § 1920.  Here, Stephens seeks reimbursement of the $400.00 filing fee as costs under EAJA.  The Commissioner has not objected (DN 20).  Therefore, the Court grants Stephens' request for an award of costs in the amount of $400.00.

3. The EAJA Fee Award

Pursuant to Astrue v. Ratliff, an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Accordingly, after this Court enters an award for Stephens, the Commissioner will determine whether she owes a debt to the United States Government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount awarded to Stephens. If Stephens does owe a debt to the Government, her EAJA fee award will be applied toward such debt by the Treasury Department's Offset Program, Ratliff, 560 U.S. at 590, and the Commissioner will notify the Treasury Department that if any funds remain after the EAJA fee award is applied to his debt, the Treasury Department should issue a check for the remaining funds made payable to Stephens and mail that check to her counsel. If, on the other hand, the Commissioner verifies that Stephens owes no pre-existing debt subject to offset and Stephens' requests, the Commissioner has agreed to direct the payment of the award to Stephens' attorney pursuant to the executed EAJA assignment.

**ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Stephens' motion for attorney fees and costs (DN 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Stephens' request for an award of attorney fees at the rate of $140.00 per hour is **GRANTED**.

**IT IS FURTHER ORDERED** that Stephens is awarded attorney fees in the amount of $5,180.00 (37.00 hours multiplied by $140.00).

**IT IS FURTHER ORDERED** that Stephens is awarded $400.00 in costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter the separate judgment in favor of Plaintiff and against the Commissioner in the amount of $5,180.00 in attorney's fees and $400.00 in costs.

Copies: Counsel